RECEIVED

JUN 2 4 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| VIKING PROSPECTOR INC., ET AL. | CIVIL ACTION NO.: 10-1797 |
| VERSUS | JUDGE DOHERTY |
| XTREME INDUSTRIES, LLC, ET AL. | MAGISTRATE JUDGE HANNA |

### MEMORANDUM RULING

Pending before this Court is the "Motion to Refer to the United States Bankruptcy Court for the Western District of Louisiana" [Doc. 35] filed by defendant in the above-captioned matter, Xtreme Industries LLC ("Xtreme"). The motion is unopposed.

This lawsuit has a tortured procedural history. The above-captioned matter arises out of the alleged failure of Gulf Cooper Dry Dock & Rig Repair ("Gulf Copper") to pay Xtreme for painting and sand-blasting work that Xtreme performed, at the behest of Gulf Copper, on the Viking Producer rig. Xtreme filed the instant lawsuit against Gulf Copper in the United States District Court for the Southern District of Texas on May 2, 2008. Subsequently, the case was referred to the United States Bankruptcy Court for the Southern District of Texas, Houston Division, where the owner of the Viking Producer's bankruptcy was pending.

On June 23, 2009, while the case was pending before the bankruptcy court, Xtreme filed Chapter 11 bankruptcy in the United States Bankruptcy Court for the Western District of Louisiana (Docket Number 09-50832). That bankruptcy was converted to a Chapter 7 proceeding, and is a continuing case.

Since that time, both Gulf Copper and Xtreme settled their claims with Viking, the order

referring this matter to the Texas bankruptcy court was withdrawn, and the case was reinstated before the United States District Court for the Southern District of Texas. That court then transferred the instant case to this Court "to be considered for referral to the bankruptcy court handling the Xtreme bankruptcy" (the United States Bankruptcy Court for the Western District of Louisiana).

In the instant motion, Xtreme seeks referral of this case to the bankruptcy court "in accord with the intent of the United States District Court for the Southern District of Texas and the mandate of the local rule to refer 'to the bankruptcy judges of this district all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11.'"

Indeed, Local Rule 83.4.1 states:

**Local Rule 83.4.1 Reference to Bankruptcy Judge** Under the authority of 28 U.S.C. §157[1] the district court refers to the bankruptcy judges of this district all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11. As set forth in 28 U.S.C. §157(b)(5), personal injury tort and wrongful death claims shall be tried to the district court.

Xtreme argues the instant case "undoubtedly" is related to a case under Title 11, that is, the bankruptcy proceeding instituted by Xtreme in the United States Bankruptcy Court for the Western District of Louisiana. The Fifth Circuit has stated:

For the purpose of determining whether a particular matter falls within bankruptcy jurisdiction, it is not necessary to distinguish between proceedings "arising under",

---

[1] 28 U.S.C. §157 states in relevant part:

(a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

28 U.S.C. §157 (a) & (b).

2

"arising in a case under", or "related to a case under", title 11. These references operate conjunctively to define the scope of jurisdiction. Therefore, it is necessary only to determine whether a matter is at least "related to" the bankruptcy. The Act does not define "related" matters. Courts have articulated various definitions of "related", but the definition of the Court of Appeals for the Third Circuit appears to have the most support: **"whether the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy."**

*Matter of Wood*, 825 F.2d 90, 93 (5th Cir. 1987).

In the instant case, Xtreme argues its seeks recovery from Gulf Copper for amounts owed under a subcontract entered between the two, and that any amount awarded will affect the value of Xtreme's estate and will be distributed among Xtreme's creditors. Additionally, Xtreme argues Gulf Copper filed a proof of claim against Xtreme in the bankruptcy court, which seeks to recover any amount Gulf Copper is required to pay Viking for Xtreme's allegedly defective work. Xtreme argues Gulf Copper has acknowledged its proof of claim is related to the same dispute that is the subject of this litigation.[2]

Xtreme moves for referral of the instant case under Local Rule 83.4.1, which addresses "all cases *under Title 11* and all proceedings arising *under Title 11* or arising in or related to a case *under Title 11*." However, this Court notes Xtreme's bankruptcy pending in the United States Bankruptcy Court for the Western District of Louisiana, although originally instituted as a Chapter 11 proceeding, was converted to a Chapter 7 proceeding. Xtreme does not explain whether the conversion of Xtreme's bankruptcy from a Chapter 11 proceeding to a Chapter 7 proceeding impacts the referral of the instant matter. However, this Court notes the jurisprudence is clear that "bankruptcy jurisdiction exists if the matter is simply "related to" the bankruptcy – if 'the outcome

---

[2] Xtreme contends Gulf Copper has also filed a motion for leave to file a counterclaim in this lawsuit, seeking to assert claims against Xtreme for the same alleged defective workmanship. Gulf Copper's counterclaim is the same as its proof of claim currently pending before the bankruptcy court. Xtreme contends if Gulf Copper is allowed to assert its counterclaims, and prevails on same, Xtreme's estate, and the amount available to Xtreme's creditors, will be affected.

3

of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy.'" *Matter of Wood*, 825 F.2d at 93. In the instant case, this Court concludes Xtreme has demonstrated the outcome of the instant case could *conceivably* have an effect on the estate being administered in bankruptcy.'" Therefore, this Court concludes bankruptcy jurisdiction exists over the instant case.

Furthermore, no party to the lawsuit – in particular, Gulf Copper – opposes the instant motion or challenges the factual assertions set forth by Xtreme herein. Based on the information provided by Xtreme, it appears the instant case is related to Xtreme's bankruptcy and the outcome of the instant litigation will impact Xtreme's estate. Accordingly, the instant unopposed motion, appearing to be well-grounded in law and fact, is GRANTED.[3] It is ORDERED that the Clerk of Court shall transfer this case to the United States Bankruptcy Court for the Western District of Louisiana.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 24 day of June, 2011.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[3] Because this Court grants the instant motion to refer the case to the bankruptcy court, this Court declines to rule on Gulf Copper's motion for leave to file counterclaim against Xtreme [Doc. 32].